UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

JEROME HERROD, SR.,            )
                               )
            Petitioner,        )
v.                             )      No:    1:12-cv-01404-WTL-DKL
                               )
SUPERINTENDENT,                )
                               )
            Respondent.        )

**Entry Discussing Petition for Writ of Habeas
Corpus and Denying Certificate of Appealability**

For the reasons explained in this Entry, the petition of Jerome Herrod, Sr., for a writ of habeas corpus must be denied and the action dismissed with prejudice. In addition, the court finds that a certificate of appealability should not issue.

**The Petition for Writ of Habeas Corpus**

**I. Background**

The pleadings and the expanded record establish the following:

1.      Herrod is serving the executed portion of the 55-year sentence imposed by an Indiana state court following his conviction for the October 21, 2006, murder of Shedrick Worthey, Jr.

2. Herrod's conviction was affirmed on appeal in *Herrod v. State*, No. 45A03-0712-CR-598 (Ind.Ct.App. Aug. 22, 2008), with a petition for transfer being denied on October 28, 2008. Herrod filed an action for post-conviction relief on December 10, 2008. The post-conviction relief action remained pending until August 22, 2011.

3. This action followed. It was filed with the clerk on October 1, 2012, having been signed by Herrod on September 25, 2012.

## II. Discussion

"We live in a world of deadlines." *Spears v. City of Indianapolis,* 74 F.3d 153, 157 (7th Cir. 1996). In an attempt to Acurb delays, to prevent 'retrials' on federal habeas, and to give effect to state convictions to the extent possible under law,@ Congress, as part of the Anti-terrorism and Effective Death Penalty Act of 1996, revised several of the statutes governing federal habeas relief. *Williams v. Taylor*, 529 U.S. 362, 404 (2000). One such provision provides that:

> a state prisoner has one year to file a federal petition for habeas corpus relief, starting from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). . . . "The one-year clock is stopped, however, during the time the petitioner's 'properly filed' application for state postconviction relief 'is pending.'" *Day [v. McDonough,* 547 U.S. 198, 201 (2006)] (quoting 28 U.S.C. § 2244(d)(2)).

*Wood v. Milyard*, 132 S. Ct. 1826, 1831 (2012)(footnote omitted). A conviction is "final" when the time for seeking direct review from the judgment affirming the conviction has expired. *Griffith v. Kentucky*, 479 U.S. 314, 321 & n.6 (1987).

Herrod's conviction was final for habeas corpus purposes 90 days after the Indiana Supreme Court denied Herrod's petition to transfer on October 28, 2008. On that date, a properly filed action for post-conviction relief was already pending, having been filed on December 10, 2008. Thus, the running of the statute of limitations was tolled during the entirety of the period during which the action for post-conviction relief was pending. That tolling ended on August 22,

2011. This gave Herrod through August 23, 2012, in which to file a federal petition for writ of habeas corpus. Even applying the prison mailbox rule, *see Jones v. Bertrand*, 171 F.3d 499 (7th Cir. 1999), Herrod's habeas petition was filed more than a month after the statute of limitations expired. He filed his petition 401 days after the tolling of the statute of limitations began to run on August 23, 2011. Therefore, Herrod's petition is untimely and must be dismissed.

Herrod points out that he attempted to resurrect his post-conviction action by filing a motion to file a belated appeal on June 29, 2012. This motion, however, was denied on August 22, 2012, and thus did not toll the running of the statute of limitations. *See Tinker v. Hanks*, 172 F.2d 990 (7th Cir. 1999) (efforts to file a successive action for post-conviction relief, if unsuccessful, do not toll the running of the statute of limitations).

Herrod also invokes the doctrine of equitable tolling. "[T]he timeliness provision in the federal habeas corpus statute is subject to equitable tolling." *Holland v. Florida,* 130 S. Ct. 2549, 2554 (2010). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005).

"There are no bright lines in determining whether equitable tolling is warranted in a given case." *Pabon v. Mahanoy,* 654 F.3d 385, 399 (3d Cir. 2011). In *Holland,* the Supreme Court emphasized that in considering whether there could be equitable tolling, courts should favor flexibility over adherence to mechanical rules. 130 S. Ct. at 2563. In this regard, "the particular circumstances of each petitioner must be taken into account," *Pabon,* 654 F.3d at 399, and each decision made on a "case-by-case basis." *Holland,* 130 S. Ct. at 2563 (quoting *Baggett v. Bullitt,* 377 U.S. 360, 375 (1964)).

Herrod invokes the doctrine of equitable tolling based on his contention that for a period of time he was kept in a housing unit from which he could not gain physical access to the prison law library. This is not sufficient, however, because difficulty obtaining legal materials does not constitute an extraordinary circumstance which justifies the application of equitable tolling. *See Jones v. Hulick,* 449 F.3d 784, 789 (7th Cir. 2006) (petitioner's placement in segregation, during which time he had no access to the law library; limited law library access at other times; and delays in receiving mail were insufficient to justify equitable tolling). In any event, Herrod does not contend that this limitation extend beyond December 5, 2011, giving him many months without any identified impediment before the statute of limitations expired in August 2012.

### III. Conclusion

"[H]abeas corpus has its own peculiar set of hurdles a petitioner must clear before his claim is properly presented to the district court." *Keeney v. Tamayo-Reyes,* 504 U.S. 1, 14 (1992) (O'Connor, J., dissenting) (internal citations omitted). In this case, Herrod has encountered the hurdle produced by the 1-year statute of limitations. He has not shown the existence of circumstances permitting him to overcome this hurdle, and hence is not entitled to the relief he seeks. His petition for a writ of habeas corpus is therefore dismissed as untimely without a decisions being made as to the merits of his claims. See [Bachman v. Bagley, 487 F.3d 979, 982 (6th Cir. 2007)](#).

Judgment consistent with this Entry shall now issue.

### Certificate of Appealability

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the *Rules Governing ' 2254 Proceedings*, and 28 U.S.C. ' 2253(c), the court finds that Herrod has failed

to show that reasonable jurists would find it Adebatable whether [this court] was correct in its procedural ruling.@ *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The court therefore denies a certificate of appealability.

    **IT IS SO ORDERED.**

Date: 05/31/2013

                                  Hon. William T. Lawrence, Judge
                                  United States District Court
                                  Southern District of Indiana

Distribution:

Jerome Herrod, Sr.
#112554
Wabash Valley Correctional Facility
Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
Carlisle, IN  47838

Electronically Registered Counsel